RANDOLPH PERKINS, appellant,

*v.*

JAMES T. McBRIDE, respondent.

[Submitted July 6th, 1914.   Decided November 16th, 1914.]

In an action at law brought by an attorney-at-law against his client to recover his taxed bill of fees, costs and disbursements, the proofs of the service, or delivery, of a copy of such bill, required by statute to be made prior to the commencement of the action, are conditions precedent to his right to maintain such action before a trial court, and a special plea by the defendant in the action denying such service is nugatory, for the reason that the plaintiff is bound (under the penalty of a judgment against him if he fails) to make such proofs as a part of his affirmative case.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis.

*Mr. Randolph Perkins, pro se,* for the appellant.

*Messrs. Melosh & Morten,* for the respondent.

The opinion of the court was delivered by

VREDENBURGH, J.

In an action at law to recover his taxed bill of fees, costs and disbursements, brought by complainant, a solicitor, attorney and counselor-at-law of this state, against defendant, the latter attempted to plead, specially, that he had not been served with any taxed bill before the action was begun, and thereupon the complainant filed the present bill in equity asking, for certain reasons set forth in his bill, that defendant be restrained from such pleading.

A decree dismissing this bill having gone the complainant has appealed.

The petition of appeal before us takes the ground that the decree should be reversed because it failed to adjudge that the defendant should be restrained by the injunction of the court of chancery from pleading and attempting to maintain in the law court, that he was not served with any taxed bill of fees, costs· and disbursements prior to the commencement of said action.

The meritorious question to be decided is whether in an action at law brought by a lawyer against his client to recover his taxed bill of fees, the proofs of the service, or delivery of a copy of such bill (required by statute to be made upon the client prior to the action), are conditions precedent to the plaintiff's right of recovery so as to require him to aver and prove such service in the trial court as a part of his case, under the penalty of being nonsuited if he fails. If so, then, manifestly, the special plea here sought to be enjoined would have been entirely futile and nugatory, and its restraint by a court of equity wholly unwarranted.

We think our statutes (quoted below) control this question, and sustain the view that in such an action the plaintiff must prove such service as a substantive part of his case before he is entitled to maintain his action.

The ninth section of our act to regulate the practice of courts of law (*Rev. 1903 p. 538*) enacts that

"No solicitor or attorney shall commence or *maintain* any action for the recovery of any fees, charges or disbursements in equity or at law, against his client or his legal representative until he shall have delivered to such client or his representative or left for him at his usual place of abode a copy of the taxed bill of such fees, charges and disbursements."

The amending statute of 1911 (*P. L. 1911 p. 412*) enacts that

"Every solicitor, attorney and counsellor may commence and *maintain* an action for the recovery of any reasonable fees, charges or disbursements, in equity or at law, against his client or his legal representative, *provided* he shall have *first* delivered to such client or his legal representative or left for him at his usual place of abode a copy of his bill of such fees, charges and disbursements."

The course of judicial decision in this state sustains the view that the plaintiff in such an action must make such proofs as a part of his case, under the penalty, if he fails, of a nonsuit.

In *Bently* v. *Fidelity Company (1907), 75 N. J. Law 829,* this court said that as to that portion of the claim of plaintiff for services as attorney "no recovery was possible in the action without a taxed bill of costs."

In *McCrea* v. *Stierman (1908), 76 N. J. Law 396,* the supreme court said that "as no taxed bill of fees, charges and disbursements was ever served, the district court should have *nonsuited* the plaintiff on *his own case."* See, also, *Brown* v. *Harriott (1910), 81 N. J. Law 484, 486.*

The explicit language of the above-quoted proviso in the amendatory act of 1911 strengthens and confirms the view that the burden of making such proofs, as a part of his case, in order to maintain it before the trial court, rests upon the plaintiff, and it follows that the special plea of defendant in the law court was unnecessary and superfluous. The result we reach is that the decree dismissing the bill should be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Bogert, Vredenburgh, Terhune, Williams—13.

*For reversal*—None.